CERTIFIED MAIL 70211970000047712347

5:23-cv-00405

**Case Number: 2023CI03360**

**HARRY ROBINSON VS JAMES E DINGIVAN**
(Note: Attached Document May Contain Additional Litigants.)

IN THE 225th District Court
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

**DIRECTED TO:**      JAMES E DINGIVAN
                     601 NW LOOP 410 STE 600
                     SAN ANTONIO, TX 78216

Affidavit of Inability

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this Citation and Petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said **MOTION FOR APPOINTMENT OF AN ATTORNEY AND COURT COST WARNED HR** was filed  **on this the 17th day of February, 2023.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT  **6TH DAY OF MARCH, 2023.**

**HARRY ROBINSON**
**PROPRIA PERSONA**
**5550 Grosvenor Blvd Apt 213**
**Los Angeles CA  90066-7310**



**Gloria A. Martinez**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**

**San Antonio, Texas 78205**
**By: /s/ Matthew Stanage**
**Matthew Stanage, Deputy**

---

| HARRY ROBINSON VS JAMES E DINGIVAN | Officer's Return | Case Number: 2023CI03360 |
| | | Court: 225th District Court |

Came to hand on the 6th day of March, 2023, at  11:09 AM and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the

_____ day of _____ , 20_____ , by delivering to:

_____at 601 NW LOOP 410

STE 600

SAN ANTONIO, TX  78216 a true copy of this CITATION,

upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with  MOTION FOR

APPOINTMENT OF AN ATTORNEY AND COURT COST WARNED HR.

Cause of failure to execute this is

_____ .



**Gloria A. Martinez**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

**By: /s/ Matthew Stanage**
     **Matthew Stanage, Deputy**

**EXHIBIT**
**1**

1

Harry Robinson
54 Sable Heights
2   San Antonio, TX 78258
Phone Number: 210.373.8296
3   Email: hlrob58@gmail.com

4   Harry Robinson, Plaintiff, In Pro Per

FILED
DISTRICT CLERK
BEXAR CO. TEXAS

2023 FEB 17  PM 3: 39

DEPUTY

BY_____

5

**2023CI03360**
6   Judge: 225th. District Court

7                                                              AFFIDAVIT OF
8          United States District Court for the District of Texas County of Bexas INABILITY

9   Harry Robinson,                         )   Case No.: Civil # 5-23-cv-00015

10              Plaintiff,                   )   ~~Motion for reconsideration and Request an~~
                                            )   ~~Injunction on the Notice to Removal~~
11      vs.                                  )
                                            )   Hearing Date:
12   Denis R McDonough,                      )   _____
                                            )   Time: -----------------------------
13   Department of Veterans Affairs          )
14   James E. Dingivan                       )   Department No.: ~~2022C09886~~

15              Defendants                   )   Date Action Filed:
                                                _____
16   _____        Trial Date: Not Yet Set
    Motion for Appointment of an Attorney and court cost waived
17  ~~Motion for Reconsideration and Request an Injunction on the Notice to Removal~~

18  TO THE ABOVE-ENTITLED COURT:

19      Harry Robinson, Plaintiff, herein, shows the court as follows:

20

21   1.  Complainant received a Notification of Right to Sue from Equal Employment

22       Opportunity Commission on March 21, 2022.  On May 27, 2022, plaintiff Harry

23       Robinson filed a lawsuit in the 285 District Court of Bexar County of Texas, Harry

24       Robinson versus Dennis R McDowell a copy of the original petition has been filed with

25       the court. The Plaintiff was not served by certified mail by the Defendants with the

26       petition. and James E Dingivan.

27

28   2.  A trial has not been set.

3. The Agency's deliberately misled the Plaintiff with appropriate guidance for processing the EEO complaint caused a delay in submitting the EEO complaints and incorrectly dismissed the case.

The court has previously held that an agency may not dismiss a complaint if the Agency's actions were the cause of the delay. See Wilkinson v. United States Postal Service, EEOC Request No. 05950205 (March 26, 1996). See also, Elijah v. Department of the Army, EEOC Request No. 05950632 (March 29, 1996) (if agency officials misled complainant into waiting to initiate EEO counseling, agency must extend time limit for contacting EEO Counselor). Therefore, it is not right to dismiss the appeal as untimely.

1) The nation and agency were under challenging and unprecedented times, as Covid-19 threaten the world and created inequalities everywhere and undermining, the normal process of filling an EEO complaint.

   a. The Plaintiff mailed the EEO complaints to the VA Central Office

   b. The Agency & the EEO process failed to address the Plaintiff's in the informal and formal process.

2) Plaintiff tried to resolve the issues and avoid court and to having to obtain costly legal service and misuse of court resources by participating in mediation to reach a settlement agreement.

   a. The agency responsible management official during the first mediation the agency was hostile, and the agency did not offer any settlement.

   b. During the second mediation attempt the responsible management official was the person that caused the delay in the Plaintiff's complaint being timely and was very hostile and the agency did not offer a settlement agreement.

3) Plaintiff tried to resolve the issues through the informal process but the agency failed to conduct an inquiry into the matter.

4) The agency incorrectly denied the Plaintiff's FOIA request

5) The Office of General Council failed to follow established precedent when the Plaintiff filed a previous case with the agency the panel's review notes and documents were provided via a FOIA request.

6) Plaintiff tried to resolve the issues through the formal process

    a. The Equal Employment Opportunity (EEO) process failed several times.

    b. The Equal Employment Opportunity Commission (EEOC) misled the Plaintiff directing that a request be sent to the court to request an attorney be assigned to the Plaintiff and waiver could be obtained for the court cost.

    c. The Equal Employment Opportunity Commission misrepresented the Plaintiff and failed to properly characterize the Plaintiff's second compliant.

5) Plaintiff filed affidavit with the court on May 22, 2022, as directed by EEOC. Documentation is on file with the court clerk.

6) Plaintiff has a meritorious claim against agency.

7) Plaintiff is requesting a trial by jury be set.

8) Plaintiff filed a second EEO case with the agency of ongoing harassment and retaliatory actions that the EEOC dismissed.

9) The agency incorrectly stated no damages has been made to the Plaintiff the Plaintiff is seeking compensatory compensation for lost wages, leave restoration and emotional distress for retaliatory behaviors.

10) The agency issued a memorandum requesting all parties secure documents pertaining to the case and the Plaintiff request copies of the document obtained from the memo dated 31st of January 2023.

3. Plaintiff's civil rights have been violated and the EEOC system has not allowed due process for the resolution of this matter.

4. Request to serve agency by mail.

5. List of documentation and exhibits are attached.

    a. Certificate of Service via mail

    b. Complainant' inability to pay the cost of an attorney affidavit.

    c. EEO Attachment A: Department of VA Final Agency Decision EEO Complaint

    d. EEO Attachment B: No Representation

    e. EEO Attachment C: Emails

    f. Agency's denial of Plaintiff's FOIA request

    g. Plaintiff request copy of the leave requested by the Plaintiff from December 2020 thru September 2021.

H. Other Party : James E. Dingivan
US Assist Attorny
601 NW hoop 410 Suite 600
SA, TX. 78216    James.Dingivan@usdoj.gov

Respectfully Submitted,

Date: 2/17/23

_____

Harry Robinson, Plaintiff, In Pro Per

5550 Grosvenon Blvd Apt 213
Los Angeles CA 90066
210 373 8296
HLRob58@gmail.com

# Exhibit A

List of documents pertaining to case is attached as Exhibits A:

   a.   Equal Employment Opportunity Commission, Office of Federal Operations
        decision letter on file with court Clerk.

   b.   Plaintiffs' affidavit of inability on file with the court clerk

   c.   Compensation Request Narrative

   d.   Agency's denial of Plaintiff's FOIA request

   e.   Certified mail request

   f.   Memorandum dated January 2023

   g.   Defendant's Motion for Extension

   h.   Department of VA 45-year Service Award

   i.   EEOC Decision second EEO case

Harry Robinson
Phone Number: 210.373.8296
Email: hlrob58@gmail.com

Permanent Address

54 Sable Heights
San Antonio, TX 78258

Current Address

5550 Grosvenor Blvd, Apt# 213
Los Angeles, CA 90066

Harry Robinson, Plaintiff, In Pro Per

United States District Court for the District of Texas County of Bexar

| | |
|---|---|
| Harry Robinson,<br><br>        Plaintiff,<br><br>  vs.<br><br>Denis R McDonough,<br><br>Department of Veterans Affairs<br><br>        Defendants | Case No.: Civil # 5-23-cv-00015 VN |

## Amended Certificate of Service

I hereby certify that on this 17th of February 2023, I provide a copy of the foregoing with the clerk of Court and served the following, by certified mail, return receipt requested, address as the following:

James E. Dingivan
Assistant United States Attorney
NW Loop 410, suite 600
San Antonio, Texas 78258
James.Dingivan@usdoj.gov
210.384.7372/Fax: 210.384.7312

Respectfully, submitted,

Harry Robinson,
Plaintiff, In Pro Per

Harry Robinson
Phone Number: 210.373.8296
Email: hlrob58@gmail.com

Permanent Address                          Current Address

54 Sable Heights                           5550 Grosvenor Blvd, Apt# 213
San Antonio, TX 78258                      Los Angeles, CA 90066


Harry Robinson, Plaintiff, In Pro Per

## United States District Court for the District of Texas County of Bexar

| | |
|---|---|
| Harry Robinson, | ) |
| Plaintiff, | ) |
| | ) Case No.: Civil # ~~5-23-cv-00015~~ 162 |
| vs. | ) |
| | ) Motion to set a Hearing |
| Denis R McDonough, | ) |
| | ) |
| Department of Veterans Affairs | ) |
| Defendants | ) |

NOW COMES the undersign, Plaintiff and hereby moves for an Oder of this Court scheduling a hearing on this Motion which was filed on May 27, 2022.

Therefore, the undersigned respectfully request the Court grant an order for a hearing on this Motion.  A copy of the foregoing has been filed with the Clerk of Court and will be served to the Defendant's attorney by certified mail, return receipt requested, address as the following:

James E. Dingivan
Assistant United States Attorney
NW Loop 410, suite 600
San Antonio, Texas 78258
James.Dingivan@usdoj.gov
210.384.7372/Fax: 210.384.7312

Respectfully submitted,

Harry Robinson,
Plaintiff, In Pro Per

## Compensation Request Narrative

Action taken while at South Texas VA

Request for a Quality Step Increase (QSI) award for outstanding service during the 2021 rating period:

1.  To be eligible for a QSI an employee should have an official performance rating Outstanding" or "Excellent" under the agency's performance evaluation system for the rating period. I served Department of Veterans Affairs in four positions performing at an exceptional level during the 2021 & 120 day summery rating period:

    a.  Supervisory, Customer Service Specialist (Veterans Experience Officer) GLAHS from September 2021 through January 2022.

    b.  Acting Chief, Environmental Management, South Texas Veterans Health Care System (STVHCS) February 2021 through July 2021.

    c.  Acting Chief, Chief of Voluntary Service, STVHCS, October 2020-Feberay 2021.

    d.  Assistant Chief, Chief of Voluntary Service, STVHCS, August - September 2021.

2.  I provided an award justification narrative with a VA Form 4659 highlighting major accomplishments

3.  I lost my end of year FY 2021 performance award of $3500 because of unfair practices by STVHCS leadership

4.  My over 14 months of temporary promotion time will not count toward a WIGI because of several human resources discrepancies failed procedures. Resulting an initial income loss of $7200 and a $50 monthly shortfall over the life of my retirement.

South Texas Veterans Health Care System

| | | |
|---|---|---|
| GS 0673 13-6 | From: 06/2017 - To: 07/2017 | (2 Months) |
| GS 0301 13-6 | From: 07/2019 - To: 09/2019 | (2 Months) |
| GS 0301 13-6 | From: 10/2019 - To: 12/2019 | (3 Months) |
| GS 0301 13-6 | From: 11/2019 - To: 01/2019 | (2 Months) |
| GS 0301 13-6 | From: 10/2020 - To: 02/2020 | (5 Months) |
| GS 0673 13-6 | From: 02/2021 - To: 7/2021 | (5 Months) |
| | | 19 Months |

Greater Los Angeles Healthcare System

| | | |
|---|---|---|
| GS 0301 13-6 | From: 09/2021 - To: 12/2022 | (8 Months) |

The financial loss of pay from agency failing to process lease date correctly

Financial cost to return to Texas $5000

Cost of apartment rent ($96,000) when I have a home in Texas

As of Thursday, February 16, 2023

Page 1 of 1

**VA** | U.S. Department of Veterans Affairs
Office of General Counsel

Eric Christeson, Counsel
(720) 468-2619
Eric.Christeson@va.gov

## LITIGATION HOLD NOTICE

**Date:** January 31, 2023

**From:** Eric Christeson

**Re:** Harry Robinson v. Department of Veterans Affairs – Civil Action, Bexar County, 285th Judicial District Court #2022CI09886, GCLaws # 577843

**To:** Harry L. Robinson, Plaintiff
Trisha M. Lodde
Timothy Helke
Maria Worley
Celida Martinez-Vargas
Deborah M. Kidd
Todd Rich
Barbra Bell
Joanna Foy

**cc:** [OIT Litigation Hold Initiation Team OITLitigationHoldInitiationTeam@va.gov ]

**1. Purpose.** This litigation hold memorandum is to inform all Department of Veterans Affairs (VA) personnel identified above of the VA's legal obligation to preserve information, as well as tangible items that may be relevant to Harry Robinson v. VA - Case No. 2022CI09886. You have been identified as a Custodian in the above-referenced matter, i.e., an employee, contractor, volunteer, trainee, or other agent or representative of VA who may have information in your possession, custody, or control that may be relevant to this litigation. This memorandum explains what to do if you have such information, including the steps you must take to preserve that information.

Please read the entire memorandum even if you believe that you have no knowledge or relevant information about this matter. This litigation hold supplements but does not supersede prior litigation hold notices in other matters.

**2. Background.** Harry Robinson (Plaintiff), formerly the Assistant Chief of Voluntary Services for the South Texas VA Healthcare System, filed a lawsuit before the 285th Judicial District Court, Bexar County, TX, alleging that the Agency subjected him to disparate treatment. In particular, the Plaintiff claims that he was subjected to disparate treatment based on race, disability and reprisal for prior EEO activity.

**3. Relevant Information.** Relevant information includes documents and records, both paper and electronic, generated between the dates of October 1, 2020 – November 2, 2021, including information related to the information contained in section 2 of this notice. Please note that

relevant information may include documents that are confidential, privileged, or otherwise protected from disclosure. Other relevant information includes:

- Any and all documents related to the FY 2021 announcement and hiring action for the Chief of Voluntary Service position at the South Texas VA HCS, Announcement #CAZM-10979782-21-DMK.

- Any and all documents related to EEO Complaint Number 2003-0671-2021104677.

**4. Legal Duties of Custodians.** All VA personnel, including employees, contractors, volunteers, or other agents, who possess, maintain, or have control over documents and records potentially relevant to this matter are required to preserve such information until this Office advises in writing that the litigation hold is lifted. Failure to preserve potentially relevant information may result in severe penalties for VA, such as monetary sanctions, exclusion of evidence, and default judgment against the Department. Intentional destruction or deletion of any document or data relevant to the lawsuit will not be tolerated by the Department and could expose you to criminal sanctions.

**5. Preservation.** Electronically stored information (ESI) is an important and irreplaceable source of discovery in this matter. As of the date of this memorandum, Custodians are required to take every reasonable step to preserve all potentially relevant information until further notice from this Office. In particular:

• Preserve the relevant information in your possession or control until further notice. If OGC needs to collect the relevant information in your possession or control, we will notify you of the methods for compiling and transmitting the information.

• Do not discard, delete, or destroy the information. If any relevant information is scheduled for destruction, you must suspend, or arrange for the suspension of, the scheduled destruction in accordance with paragraph 8 below.

• If you are unsure whether certain materials should be preserved, retain the information until you have consulted with the OGC attorney identified in paragraph 11.

• If you believe that another individual in VA may have relevant information, please inform the OGC attorney immediately.

**6. Types and Sources of Information.** This litigation hold applies to tangible items, paper copies of documents, and ESI, including email, instant messages, and other electronic communications, word processing documents, spreadsheets, databases, calendars, telephone logs, audio recordings, videotape, and all other information created, maintained, or received by VA or any of its employees, contractors, volunteers, or other agents in connection with the matter described above. Paper documents and ESI may be found in office files, computer hard drives, laptop or tablet computers, portable storage media (e.g., CDs/DVDs, thumb drives), iPhones and

Harry Robinson v. Department of Veterans Affairs - Case No. 2022CI09886, GCLaws # 577843

3

other mobile communication devices, and any other location where paper documents or electronic data is stored. Sources of ESI may include personal computers or personal email accounts if they were used to conduct agency business.

**7. Form or Format.** Information should be preserved in the originally-created or "native" format. For example, if a document was created or received using Microsoft Word, you must preserve the electronic version in Word, not the printed version on paper. If a document is a Microsoft Outlook message, you should keep that document in Outlook by creating a folder designated for this purpose and transferring the message to that folder, rather than printing a paper copy or converting the message into another format, such as Adobe Acrobat.

**8. Suspension of Records Disposition.** This litigation hold supersedes existing statutory or regulatory document retention period or disposition schedule. To comply with its legal obligations, VA must preserve all existing documents and data relevant to this matter and suspend deletion, overwriting, or any other possible destruction of potentially relevant information unless a copy of it has already been preserved. Effective immediately, any routine disposition efforts under VA's existing document management policies that conflict with this litigation hold is suspended with respect to information relevant to this matter until further notice. When the decision is made to lift the litigation hold, you will be notified in writing that regular records disposition practices may resume.

**9. Director's Responsibilities.** Facility Directors are responsible for the following:

• Coordinate with department heads and managers to locate potentially relevant information.

• Reviewing the memorandum and ensuring it is distributed to the list of custodians. If the manager believes there may be other custodians, he or she should immediately notify the OGC attorney with the names and email addresses of those individuals.

• Designating a point of contact to assist OGC as needed in coordinating with their office and collecting responsive information from persons under their supervision.

• Documenting the specific actions taken in response to this memorandum, including distribution of this memorandum to individuals who may have relevant information.

**10. Certification of Receipt.** In the event of an allegation that VA failed to preserve relevant information, the agency must be able to demonstrate that all Custodians who process, maintain, or have control over such information received, understood, and implemented the litigation hold. Therefore, personal acknowledgment by Custodians of their receipt of the litigation hold is an integral part of the preservation process. Please (1) sign and date a copy of this memorandum in the space provided below as an acknowledgment that you have received, read, and agree to comply with the preservation instructions contained in this memorandum; and (2) return the certification to the OGC attorney identified below no later than August 27, 2021. In addition, please be advised that it is in your interest to document not only the instructions you were given but also the efforts you undertook to preserve the information in compliance with the litigation hold.

Harry Robinson v. Department of Veterans Affairs - Case No. 2022CI09886, GCLaws # 577843

4

**11.** If this memorandum is unclear, please contact Paralegal Daniel Morvant of this office by phone at (720) 486-5151 or Daniel.Morvant@va.gov.  For technical questions regarding the preservation of ESI, please contact the OITLitigationHoldInitiationTeam@va.gov.

Eric B. Christeson
Staff Attorney
Continental District

Harry Robinson v. Department of Veterans Affairs - Case No. 2022CI09886, GCLaws # 577843

5

## **Certification of Receipt of Litigation Hold**

### **GCLaws 577843 and Harry Robinson v. Department of Veterans Affairs**

I acknowledge that I have received and read the litigation hold memorandum dated _____ regarding _____, and I agree to take all reasonable steps necessary to preserve potentially relevant information as instructed in the memorandum.

_____        _____
Signature                                Date

_____        _____
Printed Name                             Title

_____        _____
Email Address                            Office

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



HARRY ROBINSON                    §
                                  §
   *Plaintiff,*                   §
                                  §
v.                                §     CIVIL NO.  5:23-CV-00015-OLG-EC
                                  §
DENIS R. MCDONOUGH, Secretary     §
Department of Veterans Affairs    §
                                  §
   *Defendants.*                  §

## MOTION FOR EXTENSION OF TIME
## IN WHICH TO MOVE, PLEAD, OR OTHERWISE RESPOND

     Defendant Denis McDonough, in his official capacity as Secretary of the Department of

Veterans' Affairs moves to extend the time within which he must move, plead, or otherwise respond

to Plaintiff's Original Petition, removed in the above-captioned cause, and in support of this motion,

states as follows:

    1.  On January 5, 2023, Defendant removed this action to the Federal District Court for the

Western District of Texas from the 285th Judicial District of Bexar County, Texas.

    2.  Defendant has never been served in accordance with the applicable Federal Rule of Civil

Procedure. *See* Fed. R. Civ. P. 4(i).

    3.  Under Federal Rule of Civil Procedure 12(a)(2), the United States and its agencies have 60

days after service to file an answer or otherwise response to a complaint.  But when the United

States removes an action, it must generally respond within the timeframe set forth in Federal Rule of

Civil Procedure 81 (setting deadlines of 7 and 21 days).

    4.  Defendant requests an extension of 60 days after the date of proper service in accordance with

Federal Rule of Civil Procedure 4(i), shown by the filing of proof of service in the District Court, to

file a responsive pleading to Plaintiff's Original Petition.

WHEREFORE, Defendant respectfully request that it not be required to move, plead, or otherwise respond to the Original Petition until 60 days after the United is properly served in accordance with Federal Rule of Civil Procedure 4.

Respectfully submitted,

**JAIME ESPARZA**
United States Attorney

By:     */s/ James E. Dingivan*
**JAMES E. DINGIVAN**
Assistant United States Attorney
601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5597
Texas Bar No. 24094139
James.dingivan@usdoj.gov
Tel. (210) 384-7372; Fax. (210) 384-7312

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served the following by certified mail, return receipt requested, address as follows:

Mr. Harry Robinson, *pro se*
54 Sable Heights
San Antonio, Texas 782580
Hlrob58@gmail.com

*/s/ James E. Dingivan*
**JAMES E. DINGIVAN**
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HARRY ROBINSON | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL NO.  5:23-CV-00015-OLG |
| | § | |
| DENIS R. MCDONOUGH, Secretary | § | |
| Department of Veterans Affairs | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ON MOTION FOR EXTENSION OF TIME IN WHICH TO RESPOND

On this day the Court considered Defendant's Motion for Extension of Time to Move,

Plead, or Otherwise Respond ("Motion").  After reviewing the file in the present case, and for the

reasons set out in the Motion, the Court finds that such Motion should be, and is hereby,

GRANTED.  Therefore, IT IS ORDERED that Plaintiff shall serve the Defendant in accordance

with Federal Rule of Civil Procedure 4(i), and file proof of proper service in the above-captioned

cause.  Defendant shall move, plead, or otherwise respond to the Original Petition within 60 days of

proper service.

SIGNED this _____ day of _____, 2023.


_____
UNITED STATES DISTRICT JUDGE

CAUSE NO 2022-C-109886

| | | |
|---|---|---|
| HARRY ROBINSON | § | IN THE 285th DISTRICT COURT |
| | § | BEXAR COUNTY, TEXAS |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| DENIS R. MCDONOUGH, | § | |
| | ·§ | |
| | § | |
| *Defendant,* | § | |

## NOTICE OF REMOVAL

TO:    Marissa Ugarte
       County Clerk of Bexar County, Texas
       285TH Civil District Court
       Bexar County Courthouse
       100 Dolorosa, 2nd Floor
       San Antonio, TX 78205

       Harry Robinson, *pro se*
       54 Sable Heights
       San Antonio, TX 78258

Please take note that the Office of the United States Attorney for the Western District of

Texas, acting on behalf of the Secretary of the Department of Veterans Affairs, filed in the Office of

the United States District Clerk for the Western District of Texas, San Antonio Division, a Notice

of Removal of the above-entitled action. A copy of the Notice of Removal is attached hereto,

pursuant to the requirements of 28 U.S.C. § 1446(d). You are respectfully directed to those

provisions of 28 U.S.C. § 1446(d) that provided, *inter alia,* "[p]romptly after the filing of such notice

of removal of a civil action the defendant or defendants shall give written notice thereof to all

adverse parties and shall file a copy of the notice with the clerk of such State court, which shall

effect the removal and the State court shall proceed no further unless and until the case is

remanded."

Exhibit 2 Page 1 of 3

Respectfully submitted,

**JAIME ESPARZA**
United States Attorney

By:    */s/ James E. Dingivan*
**JAMES E. DINGIVAN**
Assistant United States Attorney
601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5597
Texas Bar No. 24094139
James.dingivan@usdoj.gov
Tel.  (210) 384-7372; Fax. (210) 384-7312

**ATTORNEYS FOR DEFENDANT**

Exhibit 2 Page 2 of 3

### **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January 2023, the foregoing was electronically filed via the Court's CM/ECF system, and served upon the following by certified mail, return receipt requested, address as follows:

Mr. Harry Robinson, pro se
54 Sable Heights
San Antonio, Texas 782580
Hlrob58@gmail.com

/s/*James E. Dingivan*
JAMES E. DINGIVAN
Assistant United States Attorney

Exhibit 2 Page 3 of 3

# Department of Veterans Affairs

# Service Award

*Presented to*

**HARRY L. ROBINSON JR.**

*in appreciation of your **45** years   of dedicated service to the United States Government.*

*Given at South Texas Veterans Health Care  System Audie L. Murphy Division.*

**THIS 10th DAY OF JUNE 2021**

**CHRISTOPHER R. SANDLES, MBA, FACHE
DIRECTOR**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Harry L. Robinson, Jr., a/k/a
Jeramy R.,[1]
Complainant,

v.

Denis R. McDonough,
Secretary,
Department of Veterans Affairs
(Veterans Health Administration),
Agency.

Appeal No. 2022000558

Agency No. 200306712021104677

## DECISION

Complainant timely appealed with the Equal Employment Opportunity Commission ("EEOC" or "Commission") from the Agency's November 2, 2021 dismissal of his complaint alleging unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., and Section 501 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. § 791 et seq.

## BACKGROUND

At the time of events giving rise to this complaint, Complainant was employed by the Agency as the Assistant Chief of Voluntary Services, GS-12, for the South Texas Veterans Health Care System, at the Audie Murphy VA Hospital in San Antonio, Texas.

On September 16, 2021, Complainant filed a Formal EEO Complaint alleging discrimination by the Agency on the bases of race (Black), disability, and reprisal for prior protected EEO activity when, on January 12, 2021, he received written notification that he was not selected for the position of Chief of Voluntary Service, GS-13, Vacancy Announcement No. CAZM1097978221DMK ("VS Chief").

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

On January 12, 2021, Complainant filed a Freedom of Information Act ("FOIA") request pertaining to the selection process for the VS Chief position, including the qualifications, interview notes and interview scores for the selectee, and the alternate candidate (Complainant). The FOIA request also sought the race, gender, and age of the selectee and the members of the selection panel and extensive information on the gender, race, and age make-up of numerous positions within the service. On January 19, 2021, Complainant updated his request to also include information regarding the selectee's disability status.

On March 25, 2021, Complainant received a response, which contained blank pages and appeared incomplete, as it lacked the requested demographic data, and elements of the VS Chief selection process, including any criteria or guidance given to the selection panel members. Complainant appealed, with the Agency's Office of General Counsel ("OGC").

On May 6, 2021, the OGC issued a final decision partially granting Complainant's FOIA appeal, while still denying a significant portion of his request. Complainant states that decision demonstrated the Agency's lack of transparency regarding the selection process for the VS Chief position and caused him to suspect that his nonselection was due to discrimination. Complainant initiated the instant EEO complaint on June 1, 2021.[2]

The Agency dismissed the matter pursuant to 29 C.F.R. § 1614.107(a)(2), for untimely EEO Counselor contact. The instant appeal followed.

## ANALYSIS AND FINDINGS

In relevant part, 29 C.F.R. §1614.107(a)(2), provides that an agency shall dismiss a complaint or a portion of a complaint that fails to comply with the applicable time limits in §1614.105. Under 29 C.F.R. § 1614.105(a)(1), complaints of discrimination should be brought to the attention of the EEO Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action (e.g. nonselection), within 45 days of the effective date of the action. The Commission has adopted a "reasonable suspicion" standard (as opposed to a "supportive facts" standard) to determine when the 45-day limitation period is triggered. See Howard v. Dep't of the Navy, EEOC Request No. 05970852 (Feb. 11, 1999). Thus, the time limitation is not triggered until a complainant reasonably suspects discrimination, *but before all the facts that support a charge of discrimination have become apparent.* Complainant v. United States Postal Serv., EEOC Appeal No. 0120120499 (Apr. 19, 2012) emphasis added.

_____

[2] Although the Agency identifies July 13, 2021, as the date of initial contact, Complainant provides a certified mail receipt establishing that he mistakenly contacted the EEO Office within the Agency's Central Office in Washington, DC, on June 1, 2021, which, along with his subsequent efforts to further this complaint, is sufficient evidence of EEO contact. See Cristantiello v. Dep't of the Army, EEOC Appeal No. 01992817 (Dec. 19, 2000) (EEO counselor contact is satisfied when a complainant contacts an agency official logically connected with the EEO process, even if that official is not an EEO Counselor, and by exhibiting an intent to begin the EEO process).

Here, the alleged discriminatory event occurred on January 12, 2021, yet Complainant did not initiate EEO contact until June 1, 2021, well past the 45-day limitation period.

*Reasonable Suspicion*

On appeal, Complainant asserts that his complaint is timely because he did not reasonably suspect discrimination until May 6, 2021. However, we conclude that reasonable suspicion of discrimination existed no later than January 12, 2021. Complainant had already been verbally notified of the selectee's identity, and, by virtue of his position, Complainant would have interacted professionally with the selectee long before May 6, 2021. See Swanigan v. United States Postal Serv., EEOC Appeal No. 0120033469 (Mar. 31, 2004) (where the alleged discriminatory event is nonselection, reasonable suspicion of discrimination is often not triggered until the complainant learns the identity of the selectee) citation omitted. On appeal, and in his formal EEO complaint, Complainant alleges that the selecting official, who he worked under for years, exhibited a "history of showing bias toward persons in my protected class" and provides examples predating his nonselection, such as a "very noticeable" dearth of non-white employees holding positions higher than GS-9 within in the selecting official's unit. In this context, Complainant's January 12 and 19, 2021 FOIA requests, given their content, essentially confirm that he suspected discrimination, at the time of his nonselection. While it may be relevant to his claim, the OGC's May 6, 2021 FOIA Decision was not necessary to trigger reasonable suspicion of discrimination.

Complainant's claim is untimely pursuant to 29 C.F.R. § 1614.107(a)(2).

*Allegation of Being Misled*

Complainant also argues that an extension of the 45-day limitation period is warranted here because the Agency intentionally misled him. Specifically, Complainant reasons that he missed the deadline to contact an EEO counselor because he relied on the Chief of Human Resources ("HR"), who advised him to gather all of the facts before pursuing an investigation.

We first note that the Commission has consistently held that that the utilization of agency procedures, union grievances, and other remedial processes does not toll the time limit for contacting an EEO Counselor. See Ellis v. United States Postal Serv., EEOC Appeal No. 01992093 (Nov. 29, 2000). This holds true for complainants who delay contacting an EEO counselor until they have gathered supporting evidence through the FOIA system. Valencia L. v. R.R. Retirement Bd., EEOC Appeal No. 2019001765 (Sept. 18, 2019), Mitchell K. v. Dep't of the Navy, EEOC Appeal No. 2019002360 (Apr. 30, 2019) (noting that the complainant initiated the FOIA request because he reasonably suspected discrimination).

Complainant's bald assertions that he relied on HR's erroneous advice to his detriment, and that HR and other Agency officials failed to direct his complaint to the EEO process, are insufficient, on their own, to give rise to provide adequate justification to excuse Complainant's untimely EEO contact. See Tianna M. v. Dep't of Veterans Affairs, EEOC Appeal No. 2021004600 (Jan.

11, 2022) citing Bixler v. Dep't of the Air Force, EEOC Appeal No. 01941332 (March 25, 1994) (the mere assertion by appellant that an EEO Counselor told him that he could not file an EEO complaint is not enough to support such a contention). Additionally, Complainant does not dispute that he was placed on notice of the EEO time frames through training and agency postings located throughout the Medical Center.

Ultimately, nothing in the record indicates that the Agency engaged in misconduct by intentionally inducing Complainant's untimely EEO contact. The record reveals that Complainant initially experienced extreme confusion regarding initiating his EEO complaint. Once Complainant was in contact with the EEO Counselor, email correspondence reflects that the EEO Counselor was responsive and communicative. Notably, on October 6, 2021, the EEO Case Manager assigned to make a determination on Complainant's complaint emailed him with an additional opportunity for clarification regarding the delayed EEO contact and his reprisal allegation before issuing the Agency's decision.

An extension of the limitation period to initiate EEO contact is not warranted.

*Additional Allegations of Discrimination & Reprisal*

On appeal, Complainant asserts that the Agency failed fully address his complaint, including his allegations of reprisal for his EEO activity associated with the instant complaint. The allegations include, but are not limited to, an ongoing hostile work environment perpetuated by the selecting official, with retaliatory and discriminatory actions continuing through September 2021. Under Commission policy, a complainant is protected from any retaliatory discrimination that is reasonably likely to deter... complainant or others from engaging in protected activity." Maclin v. United States Postal Serv., EEOC Appeal No. 0120070788 (Mar. 29, 2007) Additionally, agencies have a continuing duty to promote the full realization of equal employment opportunity in its policies and practices. See 29 C.F.R. §1614.101; Binseel v. Dep't of the Army, EEOC Request No. 05970584 (Oct. 8, 1998).

Having thoroughly reviewed the record, the Commission concludes that the only claim that Complainant raised with the EEO Counselor for the instant complaint was his January 12, 2021 nonselection for the position of VS Chief. Complainant's additional reprisal allegations are included in a document entitled "Official Complaint," which he submitted with his Formal EEO Complaint after the conclusion of informal EEO Counseling. As these claims were not first raised with an EEO Counselor, they cannot be reviewed in this decision.[3]

---

[3] The Agency properly notified Complainant that the only claim raised during informal EEO Counseling for this complaint was the January 12, 2021 nonselection. The EEO Counselor's Report, the VA Form 4939 (the Agency's Formal EEO Complaint Form), and the Notice of Right to File ("NRTF") all explain that the claims included on the Formal EEO Complaint must first be raised with an EEO Counselor. A September 16, 2021 email conversation between Complainant and his assigned EEO Counselor provides *written confirmation* from Complainant

5                                      2022000558

To the extent that he has not already done so,[4] if Complainant wishes to pursue these new harassment and retaliation claims in an EEO complaint, then he must contact an EEO Counselor pursuant to 29 C.F.R. § 1614.105. See Hall v. United States Postal Serv., EEOC Appeal No. 0120031342 (Apr. 24, 2003).

CONCLUSION

Accordingly, the Agency's final decision dismissing Complainant's complaint is AFFIRMED.

STATEMENT OF RIGHTS - ON APPEAL

RECONSIDERATION (M0920)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**. A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit his or her request for reconsideration, and any statement or brief in support of his or her request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx

Alternatively, Complainant can submit his or her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507.

---

that he and the EEO Counselor verbally discussed the conclusion of the informal counseling stage, and that Complainant received *and read* the NRTF and the VA Form 4939.

[4] Complainant discussed some of his new reprisal allegations in response to the EEO Case Manager's October 6, 2021 email.

In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

6                                          2022000558

In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

7                                              2022000558

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations


March 21, 2022
Date

# NOTICE OF APPEAL/PETITION
## Complainant Management Directive 110

### TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION OFFICE OF FEDERAL OPERATIONS

P.O. Box 77960
Washington, DC 20013

**Complainant Information:**
Complainant's name (Last, First, M.I.): Robinson, Harry L.
Home/mailing address: 54 Sable Heights
City, State, ZIP Code: San Antonio, TX 78258
Daytime Telephone # (210) 373-8296
E-mail address (if any): hlrob58@gmail.com

**General Information:**
Name of the agency that is being charged with discrimination:
South TX Veterans Health Care System
Identify the Agency's complaint number: 2003-0671-2021104677
Location/duty station or local facility in which the complaint arose:
Audie L. Murphy Memorial Veterans' Hospital Station 671

| | |
|---|---|
| Agency name being charged with discrimination: | **Department of Veterans Affairs** |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | Yes: Date Received 11/2/2021 |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | Yes: Case No. 21-671-046 ORM Case #: 2021104677I |
| Has a civil action (lawsuit) been filed in connection with this complaint? | No: |

**NOTICE:** Please attach a copy of the final decision or order from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC and with the agency within 30 days of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

Signature of complainant: *Harry Robinson*

Date: 11/10/2021

**PRIVACY ACT STATEMENT**
This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting personal data & the use thereof are given below.

1. FORM NUMBER/TITLE/DATE: EEOC Form 573, Notice of Appeal/Petition, January 2001

2. AUTHORITY: 42 U.S.C. § 2000e-16

3. PRINCIPAL PURPOSE: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4. ROUTINE USES: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a database for statistical purposes.

5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON
INDIVIDUAL FOR NOT PROVIDING INFORMATION: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

Harry Robinson
54 Sable Heights
San Antonio, TX 78258
Phone Number: 210.373.8296
Email: hlrob58@gmail.com

Harry Robinson, Plaintiff, In Pro Per

## United States District Court for the District of Texas County of Bexar

Harry Robinson,                          )
                                         )
            Plaintiff,                   )
                                         )   Case No.: Civil # 5-23-cv-00015
    vs.                                  )
                                         )   Motion to set a Hearing
Denis R McDonough,                       )
                                         )
Department of Veterans Affairs           )
                                         )
            Defendants                    )
_____

NOW COMES the undersign, Plaintiff and hereby moves for an Oder of this Court scheduling a hearing on this Motion which was filed on May 27, 2022.

Therefore, the undersigned respectfully request the Court grant an order for a hearing on this Motion.  A copy of the foregoing has been filed with the Clerk of Court and will be served to the Defendant's attorney by certified mail, return receipt requested, address as the following:

James E. Dingivan
Assistant United States Attorney
NW Loop 410, suite 600
San Antonio, Texas 78258
James.Dingivan@usdoj.gov
210.384.7372/Fax: 210.384.7312

                          Respectfully submitted,


                          Harry Robinson,
                          Plaintiff, In Pro Per

Harry Robinson
Phone Number: 210.373.8296
Email: hlrob58@gmail.com

Permanent Address                          Current Address

54 Sable Heights                           5550 Grosvenor Blvd, Apt# 213
San Antonio, TX 78258                      Los Angeles, CA 90066

Harry Robinson, Plaintiff, In Pro Per

United States District Court for the District of Texas County of Bexar

| | |
|---|---|
| Harry Robinson,<br><br>      Plaintiff,<br><br>    vs.<br><br>Denis R McDonough,<br><br>Department of Veterans Affairs<br><br>      Defendants | Case No.: Civil # 5-23-cv-00015 |

## Amended Certificate of Service

I hereby certify that on this 17th of February 2023, I provide a copy of the foregoing with the clerk of Court and served the following, by certified mail, return receipt requested, address as the following:

James E. Dingivan
Assistant United States Attorney
NW Loop 410, suite 600
San Antonio, Texas 78258
James.Dingivan@usdoj.gov
210.384.7372/Fax: 210.384.7312

Respectfully submitted,

Harry Robinson,
Plaintiff, In Pro Per

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

Cause Number: _____ **2023CI03360**
*(The Cler.* Judge: 225th. District Court *ou file this form)*

Plaintiff: Harry Robinson
*(Print first and last name of the person filing the lawsuit.)*

In the *(check one)*:
☐ District Court
☐ County Court / County Court at Law
☐ Justice Court

And

Defendant: Denis Mc Donough
*(Print first and last name of the person being sued.)*

Court Number

_____ Texas

County

## Statement of Inability to Afford Payment of Court Costs or an Appeal Bond

AFFIDAVIT OF INABILITY

### 1. Your Information

My full legal name is: Harry L Robinson Jr    My date of birth is: 02/15/1958
                       First  Middle  Last                              Month/Day/Year

My address is: *(Home)* 54 Sable Hts St, TX 78258

*(Mailing)* 5550 Grosvenor Blvd Los Angela-CA 90066 Apt 213

My phone number: _____ My email: _____

About my **dependents:** "The people who depend on me financially are listed below.

| | Name | Age | Relationship to Me |
|---|------|-----|--------------------|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

### 2. Are you represented by Legal Aid?

☑ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as 'Exhibit: Legal Aid Certificate.

-or-

☐ I asked a legal-aid provider to represent me, and the provider determined that I am financially eligible for representation, but the provider could not take my case. I have attached documentation from legal aid stating this.

or-

☐ I am not represented by legal aid. I did not apply for representation by legal aid.

### 3. Do you receive public benefits?

☐ I do not receive needs-based public benefits. **- or -**

☐ I receive these **public benefits/government entitlements** that are based on indigency:
*(Check ALL boxes that apply and attach proof to this form, such as a copy of an eligibility form or check.)*

☐ Food stamps/SNAP  ☐ TANF  ☐ Medicaid  ☐ CHIP  ☐ SSI  ☐ WIC  ☐ AABD
☐ Public Housing or Section 8 Housing  ☐ Low-Income Energy Assistance  ☐ Emergency Assistance
☐ Telephone Lifeline  ☐ Community Care via DADS  ☐ LIS in Medicare ("Extra Help")
☐ Needs-based VA Pension  ☐ Child Care Assistance under Child Care and Development Block Grant
☐ County Assistance, County Health Care, or General Assistance (GA)
☐ Other: Disabled VA pen

© Form Approved by the Supreme Court of Texas by order in Misc. Docket No. 16-9122
*Statement of Inability to Afford Payment of Court Costs*

FILED
2023 FEB 17 PM 3:34
DISTRICT CLERK
BEXAR CO. TEXAS
DEPUTY

**4. What is your monthly income and income sources?**

"I get this monthly income:

$ 8,000 in monthly wages. I work as a Memeyer for Dept of NA
_Your job title_ _Your employer_

$ _____ in monthly unemployment. I have been unemployed since _(date)_ _____

$ _____ in public benefits per month.

$ _____ from other people in my household each month: _(List only if other members contribute to your household income.)_

$ 7,000 from ☑ Retirement/Pension ☐ Tips, bonuses ☑ Disability ☐ Worker's Comp
☐ Social Security ☐ Military Housing ☐ Dividends, interest, royalties
☐ Child/spousal support
☐ My spouse's income or income from another member of my household _(If available)_

$ 500 from other jobs/sources of income. _(Describe)_ X Spouse

$ 15,500 is my _total_ **monthly income.**

**5. What is the value of your property?**

"My **property** includes: **Value***

Cash $ 100,000

Bank accounts, other financial assets 175,000

_____ $ _____

_____ $ _____

_____ $ _____

Vehicles (cars, boats) _(make and year)_

_____ $ 30,000

_____ $ _____

_____ $ _____

Other property (like jewelry, stocks, land, another house, etc.)

_____ $ 5,000

_____ $ _____

_____ $ _____

_Total_ value of property → $ 125,500

*The value is the amount the item would sell for less the amount you still owe on it, if anything.

**6. What are your monthly expenses?**

"My monthly expenses are: **Amount**

Rent/house payments/maintenance $ 5400

Food and household supplies $ 1,000

Utilities and telephone $ 750

Clothing and laundry $ 150

Medical and dental expenses $ 500

Insurance (life, health, auto, etc.) $ 1200

School and child care $ _____

Transportation, auto repair, gas $ 500

Child / spousal support $ _____

Wages withheld by court order $ _____

Debt payments paid to: _(List)_ $ _____

Credit card $ 4,000

Credit Card $ 1,200

_Total_ Monthly Expenses → $ 15,000

**7. Are there debts or other facts explaining your financial situation?**

"My debts include: _(List debt and amount owed)_ Relocation Cost _____

_____

_(If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts.")_ **Check here if you attach another page.** ☐

**8. Declaration**

I declare under penalty of perjury that the foregoing is true and correct. I further swear:
☑ I cannot afford to pay court costs.
☐ I cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision.

My name is Henry Robinson , My date of birth is 02 / 15 / 58

My address is 5550 Grosvenor Blvd LA , CA , 90066 , LA
_Street_ _City_ _State_ _Zip Code_ _Country_

▶ _____ signed on 02 / 17 / 23 in Bexar County, TX
_Signature_ _Month/Day/Year_ _county name_ _State_